Morton *v.* Morton.

ORANGE SPECIAL TERM, February, 1850. *Brown.* Justice,

MORTON, executor, &c. *vs.* MORTON and others.

A testator devised as follows: "First. I give and bequeath unto my beloved wife C. M. the use of all my real and personal estate of whatsoever kind and nature, to have and to hold during her natural life, and as long as she remains my widow. And after her decease I will and devise unto my sons W. M. and J. M. all the rest and residue and remainder of my estate, to be equally divided between them, to wit. As for my son J. M. I want him to have his part of my property to put to his own use. Or if he should not survive me,

Morton *v.* Morton.

to go to his heirs. And for my son W. M.'s part of my property, I want my hereinafter named executor to put out on bond and mortgage and pay to him the interest for the same, during his natural life, and then I devise that his wife shall have the interest for the same until his children shall arrive at the age of twenty-one years, if she should remain his widow. If not, the property is to be saved by my executor until the children shall arrive at the age of twenty-one years, and then I order it shall be equally divided amongst his surviving children."

*Held*, 1. That there was an implied power to the executor, by the will, to sell the moiety of the estate given to W. M. and his children, which might be exercised by him upon the death of the widow C. M., and not until that time.

2. That the children of W. M. who would be entitled to take the proceeds of the sale at his death, would be those children who should be in existence at that time.

3. That the limitation of those proceeds to the children of W. M., with the right of their mother to take the interest accruing intermediate the time of his death and the time when they would arrive at the age of twenty-one years, was a valid trust, under the provisions of the revised statutes relative to uses and trusts.

WILLIAM MORTON, deceased, the plaintiff's testator, made and published his last will and testament, bearing date the 15th day of November, 1847, and thereby devised his real estate in the following words: "First. I give and bequeath unto my beloved wife Chloe Morton, the use of all my real and personal estate of whatsoever kind and nature, to have and to hold during her natural life and as long as she remains my widow. And after her decease, I will and devise unto my sons, William Morton and John Morton, all the rest and residue and remainder of my estate, to be equally divided between them, to wit: As for my son John Morton, I want him to have his part of my property to put to his own use. Or if he should not survive me, to go to his heirs. And for my son William Morton's part of my property, I want my hereinafter named executor to put out on bond and mortgage and pay to him the interest for the same, during his natural life; and then I devise, that his wife shall have the interest for the same, until his children shall arrive at the age of twenty-one years, if she should remain his widow. If not, the property is to be saved by my executor until the children shall arrive at the age of twenty-one years, and then I order it shall be equally divided amongst his

surviving children." The will was duly proved, and letters testamentary thereon were granted to the plaintiff, who was the sole executor thereof.

It appeared by the pleadings, that William Morton had a wife and five children, who are made parties to this suit. On the 3d of November, 1849, the complainant as such executor, in conjunction with the widow Chloe Morton, and his brother William Morton, made a written contract with one Isaac Frost to sell a part of the real estate devised by the will, for the sum of $2000, provided a good title could be given for the same. The complaint prayed for a judicial construction of the will, and that the contract with Frost might be carried into execution by a decree or order of the court, so as to bar the rights of all persons claiming under the will of the testator.

*Thomas Nelson,* for the plaintiff.

*J. C. Dyckman,* for the defendants.

BROWN, J. The right of the widow to a life estate in the lands devised, subject to be defeated upon her marriage, with remainder in fee to John Morton the plaintiff, of a moiety of the premises, is not controverted. But the doubt, if any exists, arises out of the devise for the benefit of William Morton and his children.

The will contains no power of sale, of that part of the estate given to William and his children, by express words; but if a sale be necessary to carry into effect the intention of the testator then a power for that purpose will be implied. (2 *Barb. S. C. Rep.* 63, 4 *Hill,* 492. 4 *Kent's Com.* 319, *and the cases cited in note c.*) The executor is directed to put out William's share of the estate on bond and mortgage, and pay him the interest during his natural life. And after his death the property is to be saved and divided amongst his surviving children when they arrive at the age of twenty-one years. The testator, therefore, clearly contemplated a sale of this portion of his estate. And unless a power to the executor for that purpose is

implied, it will be impossible to carry out his intention. If, however, the power is to be implied, in the absence of express words, the necessity for it must really exist; and until the period arrives when its exercise is demanded, to give effect to the testator's intention, it can not be exerted. It is a general rule that a power can not be exercised, before the time when it was the intention of the testator it should be exercised. (6 *John.* 73. *Co. Litt.* 113 *a.* 13 *East,* 118. · 4 *Kent's Com.* 334.) The object of the testator is obvious. He designed that his wife should have the use and enjoyment of his estate during life, and so long as she remained his widow. That upon her death his son John, if he survived him, and if not, John's heirs, should take an undivided moiety in fee. That the remaining moiety should then be sold, and the proceeds of the sale put at interest for the use of William during life and the principal to be divided amongst William's surviving children at his death, and when they should attain the age of twenty-one years. If the intention of the testator, collected from the will, is to create a power of sale by implication, the same intention must also regulate its exercise. And until the determination of the life estate the executor can not exert any power of sale or disposition over the moiety of the estate given to William and his children.

The children of William Morton, who will be entitled to take the estate upon his death, comprehend as well those in existence at the time of the testator's death as those who may be born afterwards. Where a legacy is given to a class of individuals, in general terms, as to the children of A., and no definite period is fixed for its payment, it will be considered as due at the death of the testator. And only such children as were either born or begotten at that time, are entitled to share in the legacy. But where there is a postponement of the division of the legacy, given to a class of individuals, to some period subsequent to the testator's death, every person who answers the description, so as to come within the class at the time appointed for the division, will be entitled to share, although not *in esse* at his death, unless the will discloses a different intention. (2 *Mc-Cord's Ch. Rep.* 256. 1 *Bro.* C. C. 582. 4 *Paige* 47.) The

time appointed by the will under consideration, for the distribution of that part of the estate to which William's children are entitled is his death. It is then that their interest in the proceeds will become vested. And all the children of William in being at that time will be entitled to share in the proceeds. The fact that the will contains a direction that the mother of these children shall take the interest accruing upon these proceeds, intermediate the time of William's death and the time that the children will attain the age of twenty-one years, does not impair in any degree the validity of the trust. The power of alienation is suspended when there is no person in being by whom an absolute fee in possession can be conveyed. And the same rule obtains in regard to the absolute ownership of personal property. In the present case the interest of the children is limited to take effect upon the determination of two lives in being at the time of the creation of the estate, or the date of the instrument containing such limitation. Upon the death of Chloe Morton the widow, and William Morton the son, the estate becomes vested in the children. The power to convey an absolute fee in possession, if it be regarded as real estate, or the absolute ownership, if it be regarded as personal estate, is no longer suspended. The right of property no longer depends upon a contingency, but all the persons are in being who could by any possibility have an interest in the estate; and consequently the power to sell and convey is perfect and complete. (1 *R. S.* 718, §§ 14, 15. *Id.* 761, §§ 1, 2. 7 *Paige*, 521. 14 *Wend.* 265.)

I am therefore of opinion—

1. That there is an implied power to the executor, by the will, to sell the moiety of the estate given to William and his children, which may be exercised by him upon the death of the widow Chloe Morton, and not until that time.

2. That the children of William Morton who will be entitled to take the proceeds of the sale at his death, will be those children who may be in existence at that time.

3. That the limitation of those proceeds to the children of William, with the right of their mother to take the interest

accruing intermediate the time of his death, and the time when they will arrive at the age of twenty-one years, is a valid trust under the provisions of the revised statute relative to uses and trusts.

A decree or judgment must be entered accordingly.

---

ALBANY GENERAL TERM, February, 1850.    *Parker, Harris, and Wright,* Justices.