By the Court.—Sedgwick, Ch. J.
In such cases, when the determination depended alone upon the force of the use of the words “ confidence ” and “request,” it has been held that they impose an obligation upon the devisee as to the property devised, in favor of the person contemplated by the testator. There are several matters in the present case, that tend to such a result. Henry King was the only child of the testator, whose will made no other provision for him than is made by the provisions now under construction. It is, moreover, within the range of the considerations appropriate to such a case, to inquire whether the testator, in referring to the “ estate ” of his son, of which, during his minority, he made the mother and devisee the guardian, did not refer to such an estate as the son might have if the devisee responded to the confidence and performed the request of the testator. Of course, before finally determining that there was what is called a trust, it would be necessary to examine other things which look in a different direction. Arguments that by themselves are favorable to the position that there is a trust for the son, have been alluded to to prevent any supposed implication from this decision of an opinion that the son has no interest in any form ; and on the other hand there is no intention to intimate what is the nature or form of that interest, if it exists, excepting so far as it may be. necessary to say, that whatever it is, it is not inconsistent with the capacity of Theresa Salomon to convey a fee of the real estate. Such a result would follow an ascertainment that the testator intended that in keep *159 ing his confidence and performing his request, the wife should have legal capacity to sell the fee.
The testator did not describe the method of applying the property to the advantage of the son in the respects specified by the will. Generally, where there is a trust created by giving the legal title of property to a trustee for a cestui que trust, there is a provision made for selling the specific property, and substituting in its place the proceeds. If such a provision were not made, the result would be, that only the property itself or the income from it, could be applied to the benefit of the cestui que trust. To give the power to sell it is not necessary that express words be used. It may be implied from circumstances, and the object of the exercise of the power (1 Hill on Trusts, 686 ; 2 Spencer Eq. 366 ; Morton v. Morton, 8 Barb. 18 ; Dorland v. Dorland, 2 Ib. 63 ; Bogert v. Hertell, 4 Hill. 492).
The object of the favorable intention of the testator in reference to the son, could be accomplished without making the estate in fee in the devisee inalienable. So far as the expression went, it could be accomplished by devoting a necessary part of the personal estate, or the proceeds of a sale of the real estate. Whatever might be supposed to be the interest of the son as to any part of the estate, the devisee had an absolute fee simple in the rest, unincumbered with any trust. The devisee would, from the nature of the acts expected of her, towards her son, be meant to have some discretion, as much as a parent would have in applying her means to the education and maintenance, and the setting up in business of a son. The kind of disposition of the estate to the 'wife, implies that she was not to be limited to keeping the property devised to her in fee, in the form in which it was upon the testator’s death.
I am, therefore, of opinion that it was not the intention of the testator to limit the devisee’s power of disposition, and it was the intention that she would have the same power to sell that any owner of a fee has.
The judgment should be in favor of Theresa Salomon *160 for specific performance. The form of the judgment is to be settled upon notice.
Freedman and Truax, JJ., concurred.