# Cases

# SECOND DEPARTMENT

AT

# GENERAL TERM

## May, 1889

---

ALBERT W. VAN WINKLE, PLAINTIFF, v. SYLVANUS L. FOWLER, DEFENDANT.

*Will — what provisions confer, by implication, a power of sale upon the executor thereof.*

Allen Hubbard died intestate, seized in fee simple of certain land devised to him by the will of one Elmina H. Graves, leaving nine children, one of whom, Sarah E. Higgins, subsequently died, leaving a will, which contained the following clause: "I give and bequeath to my executor all the balance of the money that I shall receive from the estate of Elmina H. Graves, under and by virtue of her said will and testament, * * * or all the right, title and interest which I, as one of the children of Allen Hubbard, deceased, am entitled to under and by virtue of the last will and testament of the said Elmina H. Graves, in trust, that my executor shall use the same for the purpose of clothing, educating and maintaining my said children; and in case my said executor shall die before the whole of the estate which shall come to him shall be expended for the benefit of my children, as aforesaid, then it is my will that whatever balance shall remain in his hands at the time of his decease shall be divided equally between them, share and share alike, and in case any of my said children shall die without issue, the survivor shall take such deceased child's share."

*Held*, that this clause gave a power of sale to the executor, and that a conveyance, executed by the executor of the said Sarah E. Higgins, purporting to convey the interest of the said Sarah E. Higgins in the said land, vested a good title thereto in the purchaser. (BARNARD, P. J., dissenting.)

CONTROVERSY submitted, upon an agreed statement of facts, pursuant to the provisions contained in sections 1279 to 1281 of the Code of Civil Procedure.

Elmina H. Graves died, leaving a will by which she devised the premises in question to her brother, Allen Hubbard, and his heirs. Allen Hubbard died intestate, leaving nine children, all of whom were living at the time of the commencement of this action, except a daughter, Sarah E. Higgins, who died, leaving a will wherein she appointed her husband, Joseph Higgins, executor. All the heirs of Allen Hubbard have conveyed their interests in the premises in question to the plaintiff, and Joseph Higgins, as executor of Sarah E. Higgins, has conveyed to the plaintiff all the right, title and interest which she had in the premises at the time of her death.

The defendant, with whom the plaintiff had entered into a contract to sell the said premises, declined to fulfill the same on the ground that the will of the said Sarah E. Higgins did not contain any power of sale.

*Herbert G. Hall,* for the plaintiff.

*W. M. Safford,* for the defendant.

PRATT, J.:

The sole question in controversy in this case relates to the construction of the following clause in the will of Sarah E. Higgins:

*Item.* I give and bequeath to my executor all the balance of the money that I shall receive from the estate of Elmina H. Graves, under and by virtue of her said will and testament, dated Cleveland, Ohio, June 12, A. D. 1876, or all the right, title and interest which I, as one of the children of Allen Hubbard, deceased, am entitled to under and by virtue of the last will and testament of the said Elmina H. Graves, in trust that my said executor will use the same for the purpose of clothing, educating and maintaining my said children; and in case my said executor shall die before the whole of the estate which shall come to him shall be expended for the benefit of my children as aforesaid, then it is my will that whatever balance shall remain in his hands at the time of his decease shall be divided equally between them, share and share alike, and in case any of my

said children shall die without issue, the survivor shall take such deceased child's share.

We think it clear, from all the facts and circumstances submitted, that this clause must be held to give a power of sale to the executor. A power of sale may be implied where the circumstances are such that the will cannot be carried out without such an implication. The clause gives the property to the executor in trust for a specified object, which cannot be carried out except by a sale of property.

It is not very clear what was in the mind of the testatrix, as to whether the property she was to receive under the will of Mrs. Graves was real estate or money, but she used language sufficiently comprehensive to include both. She gives the balance of money, also "all the right, title and interest which I, as one of the children of Allen Hubbard, am entitled to under and by virtue of the last will of Elmina H. Graves. The title is thus clearly vested in the executor in trust.

The sole object the testatrix had in view by this clause of the will was that the property, whether personal or real, should be used for the benefit of her children. As she stated in the will: "In trust that my said executor *will use* the same for the purpose of clothing, educating and maintaining my said children. Here is a clear power conferred upon the executor to use the estate for a specific purpose. The whole object of the trust will fail in this case unless the executor can convert the real estate into money.

The plaintiff must have judgment on the agreed statement of facts, with costs.

DYKMAN, J. concurred.

BARNARD, P. J. (dissenting) :

Allen Hubbard was the owner in fee simple of the land in question when he died, by devise from Elmina H. Graves. The fee, however, was chargeable with legacies which there was no personal estate to satisfy.

Hubbard died intestate leaving nine children ; one daughter has since died leaving nine children and leaving a will which contains this clause : " I give and bequeath to my executor all the balance of the money that I shall receive from the estate of Elmina H. Graves, under and by virtue of her said will and testament, dated Cleveland,

Ohio, June 12, A. D. 1876, or all the right, title and interest which I, as one of the children of Allen Hubbard, deceased, am entitled to under and by virtue of the last will and testament of the said Elmina H. Graves, in trust, that my said executor will use the same for the purpose of clothing, educating and maintaining my said children, and in case my said executor shall die before the whole of the estate which shall come to him shall be expended for the benefit of my children, as aforesaid, then it is my will that whatever balance shall remain in his hands at the time of his decease, shall be divided equally between them, share and share alike."

The executor of Sarah E. Higgins conveyed, as such, the interest of Sarah E. Higgins in the land, and the question is whether, by the claim in question, he had power to sell her own ninth interest in the property. The will contains no express power of sale. The testatrix included a bequest of money to be received, and also all right, title and interest to whatever she was entitled. The trust was to use the same for the support of the children. The trust to use a fund made up of real and personal property, in the absence of a specific direction, does not warrant the conclusion that the testator intended a conversion of the real estate into personalty. The duty of making a final division of the real estate does not imply a power of sale. (*Hobson* v. *Hale*, 95 N. Y., 588; *White* v. *Howard*, 46 id., 144.) There is nothing in the will to show an intent that the executor should not use the land, as land, and the sale thereof is not justified.

There should, therefore, be a judgment for the defendant upon the submitted case, with costs.

Judgment for plaintiff upon submitted case, with costs.