(119 App. Div. 30)

### BOEHMCKE v. McKEON.

(Supreme Court, Appellate Division, Second Department. April 19, 1907.)

1. MORTGAGES—FORECLOSURE—PARTIES—RESIDUARY LEGATEES.

Where, by reason of the scheme of a will, there was an imperative power of sale to carry out its provisions, amounting to an equitable conversion of the real estate into personalty, the residuary legatees and devisees were not necessary parties defendant to a suit to foreclose a mortgage on property belonging to the estate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, §§ 1277, 1282.]

2. CONVERSION—WILLS—CONSTRUCTION.

Testatrix, after making certain specific bequests and providing for the payment of several annuities and pecuniary bequests, directed that the executors should sell, mortgage, or lease her real estate as they might think advantageous, and out of the proceeds should pay the annuities, etc. Another clause provided for the division of the residue, and gave the executors power to mortgage, sell, or lease any or all of testatrix's real estate as they deemed necessary to carry out the provisions of the will. Testatrix died, leaving insufficient personal property to pay any of the legacies or annuities provided for. Held, that the will created an equitable conversion of the real estate into personalty.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Conversion, §§ 28, 30, 38, 39, 40.]

3. EXECUTORS—POWER OF SALE.

A power of sale to executors need not be expressed, but exists whenever the testamentary scheme would be defeated if the power was not implied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 502.]

Submission of controversy on an agreed statement of facts by Mary Boehmcke against Hugh McKeon. Judgment for plaintiff.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, MILLER, and GAYNOR, JJ.

Henry P. Burr, for plaintiff.
Jordan & Ingram, for defendant.

HOOKER, J.  The plaintiff is the record owner of certain real property, and contracted to sell the same to the defendant, who has refused to perform on the ground that in the year 1878, in an action to foreclose a mortgage upon the property, the plaintiff's title coming through the purchaser at the foreclosure sale, there was a defect of parties defendant, in that the residuary legatees and devisees under the will of Mary A. Jones, deceased, who owned the property in question at the time of her decease, were not made parties defendant, and that by reason thereof the equity of redemption, which the defendant supposed they had, has not been cut off.  The decision of this controversy requires an interpretation of the will of Mary A. Jones, deceased.  If by reason of the language or the general scheme of that will there was an implied or express imperative power of sale to carry out its provisions, there was an equitable conversion of the real estate into personalty, and the residuary legatees and devisees under her will were not necessary parties to the foreclosure suit.

After providing for the payment of her debts, for the construction of a monument on her burial lot, and for a trust of certain specified real property, her will provided (1) for several bequests of specific personal property; (2) for the payment of several annuities; and (3) for the payment of several bequests of absolute sums of money. The twentieth paragraph of the will read:

"I direct that the annuities and yearly sums hereinbefore set forth shall be arranged and provided for as follows: My executors shall sell, mortgage or lease my real estate at such times as they think most advantageous for the estate, and out of the proceeds thereof they shall pay the said annuities."

By the twenty-first clause of her will the testatrix devised the residue of her estate, by providing that it should be divided into five equal parts, one of which should go to her brother John, two of which should go to her sister, one of which should go to Walter Henry, and the remaining part should be invested by her brother John, as trustee, who should pay the interest on that remaining part to her brother Charles and his wife as long as they may live together.  She lastly nominated and appointed executors, giving them—

"Full power to mortgage, sell or lease any or all of my real estate that they deem practicable or necessary for the purpose of carrying the provisions of this will into effect."

Mary A. Jones died, leaving insufficient personal property to pay any of the legacies or annuities provided for in the will.  The power of sale contained in the twentieth paragraph of the will, together with the general power of sale for the purpose of carrying into effect, must be construed as imperative; for without a sale it is doubtful whether the provisions in respect to annuities and bequests of specified sums of money could have been complied with.  A power of sale need not be express; but, when it is evident from the examination of the will that otherwise the testamentary scheme would be defeated, such power may be implied.  Salisbury v. Slade, 160 N. Y. 278–289, 54 N. E. 741.  Be-

cause there was imperative power of sale, whether implied or expressed, in order to carry out the provisions of the will, there was an equitable conversion of the real estate subject to this controversy into personalty (Salisbury v. Slade, 160 N. Y. 288, 54 N. E. 741; Delafield v. Barlow, 107 N. Y. 535, 14 N. E. 498), and the joining of the residuary legatees and devisees was unnecessary in the foreclosure suit.

The judgment should be for the plaintiff, with costs. All concur.