RECHT v. HERSCHMAN–BLEIER–EDELSTEIN CO.

(Supreme Court, Appellate Division, Second Department. June 29, 1910.)

CONVERSION (§ 16*)—DIRECTIONS IN WILL.

    Where testator charged legacies on his real estate and authorized his executors to sell the same to raise such sums as necessary for the payment of legacies, the real estate was converted into personalty, and the legatees were not necessary parties to an action to confirm title to the real estate.

    [Ed. Note.—For other cases, see Conversion, Cent. Dig. §§ 38–43; Dec. Dig. § 16.*]

    Burr and Jenks, JJ., dissenting.

---

Submission of controversy without action between Rudolph Recht and the Herschman-Bleier-Edelstein Company.  Judgment for defendant.

On December 1, 1909, the defendant applied to the plaintiff for a loan of $5,000 on bond and mortgage, and it was agreed between them that if, upon examination, the title to the premises proposed to be mortgaged was unmarketable, the defendant would pay to the plaintiff the sum of $250 for the expenses in such examination.  The plaintiff later refused to make the loan upon the ground that the title to part of the premises was not marketable by reason of the absence of a record title thereto, and for the further reason that a judgment in an action brought by one Edelstein to confirm his title to a portion of the premises against several persons, including the executors of Philo Chase, deceased, and the residuary devisees under his will, together with the persons claiming by or through them by inheritance and devise were made parties, was not binding upon the legatees under the will of said Philo Chase, whose legacies were made liens upon the real property of which he died seised, who were claimed to be necessary parties to said action.  Edelstein and wife, after the recovery of said judgment, conveyed the premises to the defendant.  On November 5, 1898, Philo Chase died seised of premises adjoining those now owned by defendant, on the west.  He left a last will and testament, thereafter duly admitted to probate, in and by which, after giving a large number of legacies to relatives, he provides: "I direct that the said legacies to my wife and relatives in this my last will, shall be a charge upon my real estate; and I hereby authorize and empower whoever shall assume the execution of this, my last will, to make sale of and convey any parcel or parcels of land and real estate of which I may die seised, for the purpose of raising any and all said sums as shall be required for the payment of my debts and the payment of the legacies to my wife and relatives aforesaid."  The rest, residue and remainder of his estate he devised, one-seventh to his wife and the balance equally between his brothers and sisters.

Argued before WOODWARD, JENKS, BURR, RICH, and CARR, JJ.

Samuel H. Sternberg, for plaintiff.
Henry Fluegelman, for defendant.

RICH, J.  The question for our determination upon this submission is whether the legatees of Philo Chase, deceased, were necessary parties to the Edelstein action, mentioned in the foregoing statement, and I think it must be answered in the negative.  The effect of the provisions of the will of Philo Chase was to work an equitable conversion of the real estate.  The executors are authorized to sell the realty, or any part thereof, for the purpose of providing a fund with which to pay the testator's debts and the legacies given by the will.  There was not sufficient personal property to pay the testator's debts and the legacies, and he must have known and intended that a sale of the property would become necessary.  The power of sale is therefore imperative to carry out the provisions of the will, and there was an equitable conversion of the real estate into personalty.  Boehmcke v. McKeon, 119 App. Div. 30, 103 N. Y. Supp. 930; Salisbury v. Slade, 160 N. Y. 278, 54 N. E. 741; Delafield v. Barlow, 107 N. Y. 535, 14 N. E. 498.  The joining of the legatees was unnecessary.

Judgment for the defendant, with costs, in accordance with the terms of the submission.

WOODWARD and CARR, JJ., concur.

BURR, J. (dissenting). I vote to dismiss the proceedings. I am suspicious of the good faith of the controversy. It looks to me like an attempt to obtain an expression of opinion by this court as to the effect of the provisions of the will of Philo Chase and of the judgment in the action of Edelstein v. Chase, where the parties to be affected, viz., the legatees of Chase, are not before the court. Under such circumstances the courts have uniformly declined to pass upon the question. Doyle v. Olson Realty Co., 132 App. Div., on page 206, 116 N. Y. Supp. 834; Wood v. Squires, 60 N. Y. 191; Kennedy v. Mayor, 79 N. Y. 361; Baumgrass v. Brickell, 7 N. Y. St. Rep. 685.

JENKS, J., concurs.