### In re HARRIS' WILL.

(Surrogate's Court, Kings County. June 21, 1912.)

WILLS (§ 469*)—CONSTRUCTION—ABSOLUTE · GIFTS—RESTRICTIONS.

Where testator made an absolute gift to his wife, and subsequently created a trust to invest and collect the income and pay the same for the maintenance and education of the children until their marriage or death, that the provision creating the trust included the wife did not affect the gift to her, under the rule that, where one estate is given in one part of the will, it cannot be cut down by raising a doubt as to the extent or application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear as the words of the clause giving the estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 987; Dec. Dig. § 469.*]

In the matter of the will of one Harris, deceased. Decree of probate, embodying a construction of the will, ordered.

Ginzberg & Picker, of New York City, for proponent.

Walter L. Durack, of Brooklyn, special guardian, for infant legatees.

KETCHAM, S. The construction which this will requires is that there is an implied devise in trust to the executors as to each of the sums first apportioned to the testator's children under the name and guise of legacies, for the purposes hereinafter defined. Mee v. Gordon, 187 N. Y. 400, 80 N. E. 353, 116 Am. St. Rep. 613, 10 Ann. Cas. 172; Close v. Farmers' Loan & Trust Co., 195 N. Y. 92, 87 N. E. 1005, and cases cited. The nature of the trust appears as follows: To invest and to collect the income, to apply the income to the support of the designated beneficiaries severally until their marriage or death, upon marriage to pay over the corpus of the fund peculiar to the person marrying, and upon death without marriage to pay over the same fund as in the case of a vested legacy, the possession of which is postponed. Bushnell v. Carpenter, 92 N. Y. 270, and cases cited; Matter of Becker, 59 Misc. Rep. 135, 112 N. Y. Supp. 221.

Although the ninth paragraph of the will seems to verbally include the wife and her legacy among the legatees whose legacies are postponed, it is not credible that the absolute gifts to her are impaired or affected by any trust. A canon of construction which is laid down as "one which admits of no exception in the construction of written instruments" is as follows:

"Where one estate is given in one part of an instrument in clear and decisive terms, such estate cannot be taken away or cut down by raising a doubt upon the extent or meaning or application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving that estate." Roseboom v. Roseboom, 81 N. Y. 356, 359; Benson v. Corbin, 145 N. Y. 351, 40 N. E. 11.

The only use for the income which is prescribed is for the maintenance and education of the children. Application of the income to the wife's use is not suggested. It is not conceivable, nor is

it expressed or implied, that the gift to the wife first absolutely made is to be so divested that its income shall be taken from her and devoted to her children. The trust purposes defined in the ninth paragraph are only for the children. When the testator contemplated the legacies which are to be under the control of the executors and to be payable only upon marriage, he speaks only of the children, their legacies and their marriage. Plainer words than these must appear before it can be said that the decedent meant that his wife should remarry to get her portion, or that if she remained faithful to his memory she must sit content with the naked ownership of her legacy, without the fruits thereof, and apply the income to the benefit of her children.

The decree of probate should embody the construction indicated.