In the Matter of the Estate of JOHN F. McEVOY, Deceased.

Surrogate's Court, Kings County, February 25, 1931.

*William F. X. Geoghan,* for the executors.

*James T. Heenehan,* for T. Merritt McEvoy and Helen Strauss, legatees.

*John T. Magan,* for the New York Foundling Hospital, legatee.

*Forbes J. Holland,* for The Dominican Sisters of the Sick Poor, legatee.

*James P. Judge,* for St. Mary's Hospital, legatee.

*Joseph H. Fargis,* for the House of the Good Shepherd and the Dominican Convent of Our Lady of the Rosary, legatees.

*Edward J. McCrossin,* for the Roman Catholic Orphan Asylum Society, legatee.

*T. Louis A. Britt,* for the Catholic Foreign Mission Society of America, legatee.

*John J. O'Grady,* for The Institution of Mercy, legatee.

*John H. Rogan,* for the Sisters of the Order of St. Dominic, Hawthorne, N. Y., legatee.

*James A. Donegan,* for The Servants of Relief for Incurable Cancer, legatee.

*John J. Barrett,* for the Society for the Propagation of the Faith, legatee.

*David Joyce,* for the Sisters of the Good Shepherd, legatee.

*Howard C. Kelly,* for the Missionary Sisters of the Sacred Heart, legatee.

*Gray & Tomlin,* for Brooklyn Home for Blind, Crippled and Defective Children, Nursing Sisters of the Sick Poor, The Home for the Aged of The Little Sisters of the Poor, and the Right Reverend Thomas E. Molloy, D. D., legatees.

WINGATE, S. The will, construction of portions of which is here prayed, was executed on June 9, 1922, and was admitted to probate in this court on February 11, 1927. It contains sixty-nine numbered paragraphs by which testator bequeaths approximately $600,000 in cash and the controlling interest in the New York corporation of John F. McEvoy, Inc. Nearly one-third of the pecuniary legacies are given to charity and the residue of the estate is left to other charities.

It has been made to appear that at the time of the execution of the will the personal property of the testator considerably exceeded the total of the legacies given, and that his real estate consisted almost entirely of lands held by him as tenant by the entirety with his wife.

Subsequent to the making of the will, the testator made some unfortunate investments in Florida real estate, thereby seriously depleting the personalty of his estate and bringing into it a considerable amount of real property. Even including this real estate, the assets available for distribution amount only to approximately $360,000, with the result that there must be an abatement in the legacies given.

On these premises two questions of testamentary construction are propounded:

*First,* as to whether the legacies given in the earlier paragraphs

of the will are a charge upon the real estate acquired since its execution and which is not devised except under the residuary clause; and,

*Second,* whether the executors possess a power of sale over such real estate.

Item " sixty-fourth " of the will reads as follows: " I hereby direct my executors and trustees hereinafter named to pay out of my residuary estate all transfer or inheritance taxes that may be imposed upon any devise or legacy herein contained or any transfer thereof and that the same shall not be chargeable to or paid by any devisee or legatee herein named."

In *Matter of Lilienthal* (139 Misc. 225) this court attempted an analysis of the leading decisions of this State respecting the circumstances under which general legacies will be construed as a charge upon real estate passing under a residuary clause. The conclusion was there reached that among the surest indications of an intent to create such a charge, was a testamentary direction for payment of inheritance taxes out of the residue of the estate (p. 234 and cases cited). In the present case at bar this result receives additional support from the fact that all of the benefits to the natural objects of testator's bounty are contained in the earlier part of the will, to which circumstance many of the decisions of this State attach weight (p. 231 *et seq.* and cases cited).

On the authorities reviewed at length, in the *Lilienthal* decision, it is, therefore, determined that in the case at bar the legacies contained in the earlier paragraphs of the will are a charge upon the residuary real estate, and are to be paid in full prior to any payment to the residuary legatees.

The " sixty-fifth " paragraph of the will reads as follows: " I authorize and empower my executors and trustees and the survivor or survivors of them to grant, sell, and convey any and all other property, real and personal, hereby given and devised to them at such time or times at public or private sale, at such price and upon such terms as to cash or credit in whole or in part as they may think best and to make, execute and deliver to the purchasers thereof contracts, deeds, bills of sale and all other instruments in writing necessary or proper to carry this provision into effect and this provision shall apply as fully to all property which they may purchase or acquire for the estate or which may be hereafter added to it as to that which will ordinally come into their hands or to which they will be entitled originally as trustees herein."

While this direction gives an express power of sale to the executors and trustees, it is, by its terms limited to the property " hereby

given and devised to them," and the will may be searched in vain for an indication of any devise whatsoever to the executors or trustees.

Excision of any words in a will is a dangerous and desperate remedy (*Matter of Kirkman*, 134 Misc. 527, and cases cited), but unless it be adopted in this instance it is difficult to see what effect can be given to this power of sale.

Eliminating from consideration, however, the express power of sale which might be held to exist if these added words were disregarded, it is entirely apparent that a power of sale must be implied in the executors if the directions of the " sixty-fourth " item are to be given effect, since real estate, which is the only item of property passing under the residuary clause, could not be made available for the payment of transfer and inheritance taxes, unless it were sold.

In *Salisbury* v. *Slade* (160 N. Y. 278) the Court of Appeals says (at p. 289): " This general principle is clearly established by the authorities, that the power of sale need not be express, but may be implied when it is evident from an examination of the entire will that otherwise the testamentary scheme would be defeated."

*Cahill* v. *Russell* (140 N. Y. 402) contains the following language (at p. 406): " Formal words are not necessary to create a power and, to quote the language of Sugden, ' However obscurely in a will the intention may be expressed, yet if it appears that a power of sale was intended, a sale will be supported.' (8th ed., p. 425, § 7.) "

*Mee* v. *Gordon* (187 N. Y. 400) states the same general principle as follows (at p. 407): " No power of sale is expressly conferred upon the executors, but they are directed to invest the share being disposed of, and if compliance with this direction involves the sale of real estate the possession of such power will be implied. (*Van Winkle* v. *Fowler*, 52 Hun, 355; *Dorland* v. *Dorland*, 2 Barb. 63; *Morton* v. *Morton*, 8 Barb. 18.) "

To like effect see *Matter of Lepper* (232 N. Y. 605); *Boehmcke* v. *McKeon* (119 App. Div. 30, 31); *Messenger* v. *Casey* (18 Wkly. Dig. 71, 72; reported by memorandum only, 31 Hun, 45); *Matter of Brown* (133 Misc. 519, 525); *Matter of Chase* (129 id. 1, 2).

It is entirely apparent that irrespective of the question of whether the " sixty-fifth " item should be construed as an express general power of sale, the circumstances here existing are such that a power of sale will be implied.

The first and second questions propounded in the petition of the executors herein, are, therefore, answered in the affirmative.

Proceed accordingly.