## MALLON v. HYDE et al.

(Circuit Court, D. Washington, E. D. September 29, 1896.)

1. REMOVAL OF CAUSE—FEDERAL QUESTION.

The right of removal of a suit involving a federal question is not affected by the fact that the supreme court has laid down general principles which will probably control the decision, such previous decisions being on entirely different states of facts.

2. BANK OFFICERS—INDIVIDUAL LIABILITY—FRAUDULENT RECEIPT OF DEPOSITS.

Const. Wash. art. 12, § 12, making individually liable an officer of a bank receiving deposits after he has knowledge of the bank's insolvency, is self-executing.

3. SAME.

A right of action upon such liability does not inure to the bank, nor become an asset of the bank which a receiver is entitled to control, but is vested in the depositors whose money is so fraudulently taken.

At Law.

Action to recover money deposited in an insolvent national bank, commenced in the superior court of the state of Washington for Spokane county, and removed to this court by the defendants. The complaint alleges that the defendants are officers and directors of a national bank now in charge of a receiver appointed by the comptroller of the currency; that they each assented to the reception of the money on deposit, by the bank, with full knowledge on their part that the bank was then insolvent, or in failing circumstances. The petition for removal states that, by the plaintiff's statement of his case in his complaint, it appears that there is a federal question involved, for that the action is brought to enforce against the defendants a provision of the constitution of the state of Washington making any officer or director of a banking institution in this state, who shall receive or assent to the reception of deposits after he shall have knowledge of the fact that his bank is insolvent, individually responsible for deposits so received, which the defendants claim to be either not applicable to national banks, or in conflict with the laws of the United States. Argued and submitted upon a motion to remand, and upon a general demurrer to the complaint. Motion denied and demurrer overruled.

Blake & Post, for plaintiff.

Jones, Voorhees & Stephens, for defendants.

HANFORD, District Judge. In support of their motion to remand, the plaintiff's attorneys have argued that the supposed federal question is not now a debatable question,—the same having been decided, and the law settled, by the supreme court of the United States,—and they have cited the following cases: Bank v. Kentucky, 9 Wall. 363, 364; Waite v. Dowley, 94 U. S. 527–534. It is true that the opinion of the supreme court in each of the cases cited lays down general principles which, in my opinion, must control the decision of the federal question in this case. But the supreme court, like any other court, makes its decisions to fit the particular facts of the cases presented; and, when general rules are given, the application thereof to other cases involving different facts may be questioned.

Each of the above-mentioned cases is entirely different in its facts from the case now under consideration, and my attention has not been called to any decision of the supreme court wherein this identical question has been adjudicated. The motion to remand will be denied.

The points advanced in support of the demurrer are: First. The constitution does not create a right of action in favor of an individual depositor whose money has been taken in by an insolvent bank, and, until there shall be supplemental legislation providing means to enforce the same, this section of the constitution lies dormant. Second. All depositors similarly situated have equal rights with the plaintiff, and as they are all creditors of the bank, and represented by the receiver, the right of action, if any, exists only in favor of the receiver, for the benefit of all.

It is my opinion that the obvious intent and purpose of the people of this state, as expressed in the section of the constitution under consideration, were to insure honesty in conducting the business of the moneyed institutions of the state, and the greatest possible degree of security to those who should become depositors therein; and to the extent of establishing permanently a rule of individual responsibility for losses resulting from bad faith, or deceit practiced in dealing with customers of a bank, it was intended to not rely upon the legislature to make suitable laws. The section reads as follows (article 12, § 12):

"Any president, director, manager, cashier, or other officer of any banking institution who shall receive or assent to the reception of deposits after he shall have knowledge of the fact that such banking institution is insolvent or in failing circumstances, shall be individually responsible for such deposits so received."

This fixes individual responsibility clearly enough, and there is no necessity for legislation providing special means for its enforcement, since the general laws of the state are amply sufficient in affording a remedy by civil action for every case in which one person becomes legally responsible to another. The responsibility in such cases is not in favor of the state, nor the bank, nor its general creditors. It is for the benefit of those particular depositors whose money is taken under such circumstances as to constitute a fraud. The injury done by the fraudulent conduct of the bank officials is the basis of liability, and the injured party is the one entitled to redress. Therefore the right of action upon the liability does not inure to the bank, nor become an asset of the bank which a receiver is entitled to control. This case is clearly distinguishable from Wilson v. Book, 13 Wash. 676, 43 Pac. 939, in which the supreme court of this state held that the additional liability imposed upon stockholders by the eleventh section of article 12 of the constitution is not a primary liability, but the stockholders of banking corporations are, to the extent prescribed, liable as sureties for the debts of the corporation, and that creditors cannot sue them to enforce such limited liability without having first exhausted their remedy against the principal debtor, and that money collectible from stockholders belongs to the trust fund for the payment of debts, which a receiver of an insolvent bank.

is entitled to receive and disburse.    There is good reason for holding that the liability of stockholders, which was obviously intended to constitute a reserve fund to reinforce the capital of a banking corporation for the security of its creditors, should be recoverable by a receiver appointed to take charge of its assets and settle with its creditors.    I find no difficulty in bringing my mind to yield assent to the authority of that decision.    But it does not appear to me to be applicable to a case involving responsibility to depositors for losses resulting from fraudulent concealment of the insolvent condition of a bank.    Demurrer overruled.