No. 22,445.

*In re* the Estate of JOHN W. WEST, Deceased (SARAH JANE WEST, *Appellee,* v. EMIL C. WEST, as Administrator, etc., *Appellant*).

### SYLLABUS BY THE COURT.

1. WILL—*Life Estate to Wife—Qualified Power of Disposition.* One paragraph of a will gave to the testator's widow his personal property and the income on his real estate during her life, while the succeeding paragraph gave to a son his real estate and all his personal property, subject to the prior claims of the wife during her lifetime. *Held,* that the wife took a life interest in the personalty, with a qualified power of disposition, entitling her to impair the principal or body of the property so far as necessary to her support.

2. SAME—*Proper Allowance to Widow.* An allowance made to the widow from the proceeds of the personal property held to have been proper, although in excess of its income.

3. SAME—*Allowance to Administrator.* The refusal to allow the administrator (the testator's son above referred to) compensation for providing board and lodging for the widow, held to have been proper.

4. SAME. Claims of the administrator against the estate held not to have been conclusively shown to be valid.

Appeal from Montgomery district court; JOSEPH W. HOL-DREN, judge. Opinion filed January 10, 1920. Affirmed.

*Chester Stevens,* of Independence, and *Roy T. Osborn,* of Chicago, Ill., for the appellant.

*O. L. O'Brien, Thurman Hill,* both of Independence, and *Horace Merritt,* of St. Joseph, Mo., for the appellee.

The opinion of the court was delivered by

MASON, J.: On January 8, 1913, John W. West died testate, survived by his wife (then 74 years of age) and four sons. The will gave to three of the sons one dollar each, to the widow the income of the real estate and an interest in the personalty the extent of which is in dispute, and to the remaining son, Emil C. West, all the property not otherwise disposed of. Emil C. West was appointed administrator with the will annexed. On October 12, 1916, the widow, Sarah Jane West, made application to the probate court for an order requiring the administrator to make a payment to her for her support. The

application was heard together with that of the administrator for certain allowances to him embodied in a statement of his account. The application of the widow was allowed and that of the administrator in part denied. He appealed to the district court, where a similar result was reached, and from the judgment there rendered he now appeals.

1. The principal controversy is over the interpretation of the portion of the will relating to the personal property. The widow claims that it is given to her outright. The administrator (who is also the residuary legatee) claims that she has only a life interest in it. The question turns upon the construction of two paragraphs reading as follows:

"I devise and bequeath to my beloved wife, Sarah Jane West, all my personal property and the income of my real estate during her lifetime in the event that she survives me.

"I devise and bequeath to my son, Emil C. West, all the real estate of which I die possessed together with all my personal property, subject to the prior claims of my wife during her lifetime as above provided."

The widow invokes the rule that clear grant of full title is not to be impaired by doubtful language in a subsequent clause. The primary rule of interpretation, however, is to ascertain and give effect to the actual intention of the testator, as derived from a consideration of all parts of the instrument. (*Markham v. Waterman,* 105 Kan. 93, 181 Pac. 621.) The first of the paragraphs quoted standing alone would indicate a purpose to give the personal property to the widow outright, although a permissible reading would be to treat the phrase "during her lifetime" as qualifying the bequest of the personal property as well as the devise of the income of the real estate, as the phrase "in the event that she survives me" undoubtedly does. The second paragraph standing alone would clearly indicate a purpose to give to the widow a life interest only. In her behalf it is contended that the clause "subject to the prior claims of my wife during her lifetime as above provided" refers to the provision in the first paragraph "in the event that she survives me," the meaning being that if the wife did not survive her husband the personal property should go to Emil. The use of the words "during her lifetime" seems fatal to that contention, for she could have no claim to the personal property "during her lifetime" unless she did survive him. We regard it as evident from the language of the second para-

graph that the testator did not intend his wife to take the full and unrestricted title to the personalty; and on the other hand as equally clear that he did intend her to have more than the mere income derived from it; otherwise, having employed that term with respect to the real estate, he would naturally have used it as well in connection with the personalty. Our conclusion is that his intention was that she should have a life estate in the personal property coupled with a qualified power of disposition; and, as the obvious purpose was to provide for her support, that the qualification intended was that she might draw upon the principal—diminish the body of the personal estate—so far as might be necessary to that end.

2. The order of the district court (made November 2, 1918) was that the administrator should pay to the widow $730 at once, and $30 a month thereafter. The amount is not excessive as an allowance for her support for the period covered or for the future, and no reason is apparent for disturbing it.

3. The administrator asked an allowance to himself of $549 for board and lodging furnished to the widow from February 20, 1913, to June 25, 1915, and complains of its refusal. It being no part of the duty of the administrator, as such, to make these provisions, he obviously has no claim against the estate on account thereof. The fact that by this means and at his cost the widow was saved expense to which she would otherwise have been put, was a matter which it was proper to take into account, and which presumably was taken into account, in arriving at an estimate of a reasonable allowance for her maintenance. The administrator, as the residuary legatee, of course profits personally by any expenditure saved to his mother, in case she dies before the entire fund is exhausted.

4. The administrator asked reimbursement for the expenses of several trips to the county seat, some of his claims on this account being allowed and some rejected. A claim for the charges of an attorney for taking depositions in this case was disallowed. The case was tried somewhat informally, and the specific reason for the rejections is not apparent. It may have been connected with the fact that the claimant was interested as legatee as well as administrator. At all events, he failed to produce evidence that proved the validity of his demands.

The judgment is affirmed.