No. 26,158.

J. E. BARRET, Receiver for THE FARMERS STATE BANK OF BELPRE, *Appellant*, v. G. F. SKALSKY et al., *Appellees*.

SYLLABUS BY THE COURT.

BANKS AND BANKING—*Receivers—Statutory Powers*. The power given by statute to the receiver of an insolvent bank to wind up the affairs and business of the bank for the benefit of depositors, creditors and stockholders does not include the power to bring suit on behalf of individual depositors to enforce the liability of officers and directors for receiving deposits or consenting to the receipt of deposits during the bank's insolvency.

Appeal from Edwards district court; ROSCOE H. WILSON, judge. Opinion filed March 7, 1925. Affirmed.

*Carl Van Riper*, of Dodge City, and *A. L. Moffat*, of Kinsley, for the appellant.

*W. E. Broadie*, of Kinsley, and *R. C. Russell*, of Great Bend, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The action was one by the receiver of a failed bank against its officers and directors to recover, for the benefit of the depositors, on account of deposits alleged to have been made with the consent of the officers and directors when the bank was insolvent.

An objection by the defendants to the introduction of evidence was sustained, and plaintiff appeals.

The controversy involves the question as to whether the statutory liability of the officers and directors of banks for deposits made during the insolvency of the bank is personal and privy to the depositors, òr whether the liability of such officers and directors is an asset of the insolvent bank which may be recovered by the receiver for its depositors, creditors and stockholders.

Provisions for the appointment of a receiver for insolvent banks and the manner of managing and winding up the affairs of such banks are set forth in section 9-130 of the Revised Statutes.

In *Jeffries v. Bacastow,* 90 Kan. 495, 497, 135 Pac. 583, it was said in the opinion:

"Before insolvency the management of a bank is placed by law in the hands of a body of men created by statute, designated a board of directors, who act under the supervision and in many · respects under the control of the bank commissioner. After insolvency, and in certain other contingencies, this management is exercised by a single official chosen by the bank commissioner, who is called, for convenience and by analogy, a receiver."

From which it appears that the receiver takes the place of the directors and officers of the bank. It is his duty to take charge of its assets and wind up its affairs for the benefit of its depositors, creditors and stockholders. The liability of officers and directors, sought to be enforced in this action by the receiver is fixed by the statute, which provides, among other things, that:

"It shall be unlawful for any president, director, manager, cashier, or other officer of any banking institution, to assent to the reception of deposits or the creation of debts by such banking institution, after he shall have had knowledge of the fact that it is insolvent or in failing circumstances; and it is hereby made the duty of every such officer, agent or manager of such banking institution to examine into the affairs of the same, and, if possible, know its condition. And upon failure of any such person to discharge such duty, he shall, for the purpose of this act, be held to have had knowledge of the insolvency of such bank, or that it was in failing circumstances. Every person violating the provisions of this section shall be individually responsible for such deposits so received, and all such debts so contracted: *Provided,* Any director who may have paid more than his share of the liabilities mentioned in this section may have the proper remedy at law against such other persons as shall not have paid their full share of such liabilities." (R. S. 9-163.)

"In all suits brought for the recovery of the amount of any deposits received or debt so created, all officers, agents or managers of any such banking institutions, charged with having so assented to the reception of such deposit, or the creation of such debt, may be joined as defendants or proceeded against severally; and the fact that such banking institution was so insolvent or in failing circumstances at the time of the reception of the deposit charged to have been so received, or the creation of the debt charged to have been so created, shall be *prima facie* evidence of such knowledge and assent to such deposit or creation of such debt on the part of such officer, agent or manager so charged therewith." (R. S. 9-164.)

The statutes quoted make the directors and managing officers of a bank responsible to the depositors for deposits received from them

Barret, *Receiver*, v. Skalsky.

while the bank is insolvent. Such liability is not an asset of the bank which passes to the receiver. No power is conferred upon the receiver to recover such deposits. The remedy given is for the wrong done the individual depositors whose money is received during the bank's insolvency. The action is individual to the wronged depositor. It sounds in tort. The injury done by the fraudulent conduct of the bank officials is the basis of the liability and the injured party is the one entitled to redress. (*Mallon v. Hyde*, 76 Fed. 388.) The receiver is not the agent of the individual depositor and cannot recover for him. Each individual depositor has or may have a cause of action based on facts or circumstances that apply to him only, and entirely different from any other depositor. (See, also, *Kinter, Receiver, v. Connolly*, 233 Pa. St. 5; 4 Fletcher on Corporations, 3919; 8 Fletcher on Corporations, 8939.)

If the bank guaranty fund should be drawn upon to pay such depositors there is a statute which makes the bank commissioner assignee of the depositors' right of action against the officers to the extent that the guaranty fund has been thus depleted. It reads:

"Whenever the bank commissioner shall have paid any dividend to the depositors of any failed bank out of the bank depositors' guaranty fund, then all claims and rights of action of such depositors so paid shall revert to the bank commissioner for the benefit of said bank depositors' guaranty fund, until said fund shall have been fully reimbursed for payments made on account of such failed bank, with interest thereon at three per cent per annum." (R. S. 9-204. See, also, *Ramsay v. Bank Commissioner*, 115 Kan. 212, 222 Pac. 117.)

The receiver was without power to enforce the individual claims of the depositors against the officers and directors, and the objection to the introduction of evidence was properly sustained.

The judgment is affirmed.