No. 26,780.

MARIE REGNIER, *Appellee*, v. PHŒBE REGNIER, ROSA BECHARD, ZOIA
MAILLOUX, ADWIDGE PROVOST, ANNA HAYS, GEORGE DEROUSSEAU
et al., *Appellees;* ROSALINA SAULNIER et al., *Appellants.*

### SYLLABUS BY THE COURT.

1. WILLS—*Construction—Excision.* In construction of a will excision is a dan-
gerous remedy, and should only be used as a last resort when all efforts to
reconcile the inconsistency by construction have failed.

2. SAME—*Construction—Giving Every Word and Clause Effect.* In construing
a will, effect should be given to every word and clause if not inconsistent
with the general intent of the whole will when taken together.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed
December 11, 1926. Reversed.

*Charles L. Hunt, Frank C. Baldwin* and *C̆. J. Putt,* all of· Concordia, for
the appellants Rosalina Saulnier and Emma Baltazor.

*M. V. B. Van De Mark,* of Concordia, for appellee Marie Regnier; *Park B.
Pulsifer* and *C. L. Short,* both of Concordia, for appellees Phœbe Regnier,
Rosa Bechard, Adwidge Provost, Anna Hays and Zoia Mailloux.

The opinion of the court was delivered by

HOPKINS, J.: This controversy involves a construction of the
will of Francis Derousseau, deceased. The action, one in partition,
was originally brought by Marie Regnier against certain of her
brothers and sisters and their respective spouses. Afterwards, upon
application, Rosalina Saulnier and Emma Baltazor, sisters of the
plaintiff, were allowed to intervene. The intervenors were defeated
and appeal.

Francis Derousseau, father of the litigants, died testate, March 9,
1920, the owner of the real estate involved in this action in addi-
tion to that specifically devised by his will. Rosalina Saulnier and
Emma Baltazor claim an interest in the land not specifically de-
vised through the residuary clause of the will. Plaintiff claims it
was not the intention of their father to include them in the residuary
clause.

Pertinent parts of the will read:

"I give, devise and bequeath to my son, Edward Derousseau, the following
land situated in the county of Cloud and state of Kansas, to wit:  . . .  for

Wills, 40 Cyc. pp. 1400 n. 57, 1402 n. 62, 1414 n. 26, 1416 n. 35; 28 R. C. L.
217.

and in consideration of such bequeath to my son, Edward Derousseau, he shall pay the sum of twelve hundred dollars ($1,200) to my two daughters, as follows: Six hundred dollars ($600) to Rosalina Saulnier, wife of Joseph Saulnier; six hundred dollars ($600) to Emma Baltazor, wife of Alfred Baltazor; the said Edward Derousseau shall not be required to pay the twelve hundred dollars ($1,200) until three (3) years after my decease. I give, devise and bequeath to my son, Napoleon Derousseau the following land situated in the county of Cloud and state of Kansas, to wit: . . . I give, devise and bequeath to my son, Alfred Derousseau the following lands situated in the county of Cloud and state of Kansas, to wit: . . . I give, devise and bequeath the residue of my property, both real and personal remaining after the payment of my just debts, liabilities and expenses of administration, to my nine children not herein named, to be divided between them, share and share alike, and in the event of any such child dying before my own decease then the heirs of such deceased child to take the share of such child."

The following facts were stipulated:

"Francis Derousseau died March 9, 1920, testate, a resident of Cloud county, Kansas, and left surviving as his sole and only heirs at law, his widow and the following children: Edward Derousseau, Napoleon Derousseau, Alfred Derousseau, Rosalina Saulnier, Emma Baltazor, George Derousseau, Anna Hays, Adwidge Provost, Zoia Mailloux, Rosa Bechard, Phœbe Regnier and Marie Regnier:

"That the deceased's widow, Emilie Derousseau, elected to take under the provisions of the last will on April 16, 1920; that the widow died before this action was brought; that George Derousseau with his wife on July 6, 1920, have had his interest in the real estate sought to be partitioned as plead in plaintiff's petition; that the original will of Francis Derousseau is admitted in evidence;

"That on the 12th day of December, 1905, the date of the execution of the will of Francis Derousseau, there were twelve children living, and that subsequent thereto and at the time of the probating of the will in question, none of the children of said Francis Derousseau were deceased;

"That on February 23, 1923, Rosalina Saulnier and Emma Baltazor each received from Edward Derousseau, the sum of $600 in full payment of the amount due them from the said Edward Derousseau, as provided in the last will and testament of their father, Francis Derousseau."

Rosalina Saulnier and Emma Baltazor contend that it was not the intention of their father to exclude them from the provisions of the residuary clause of his will.

The problem is to ascertain the intention of the testator. He had twelve children—four sons and eight daughters. Five children were by name mentioned in the first clause of the will. It is argued by the plaintiff that since the second paragraph of the will provides that Edward "shall pay the sum of $1,200 to my two daughters,"

that to give intent to the testament the word "two," relating to his
daughters, must, in effect, be stricken from the will and that, since
the testator had twelve children living, and named five in the first
clause, and in the residuary clause gave the remainder of his prop-
erty "to my nine children not herein named," that the word "nine"
should be stricken from the will; that it was the testator's inten-
tion to leave the residue of his estate to the children not specifically
named irrespective of their number. Various authorities are cited
in support of this contention. (1 Jarman on Wills, 5th ed., 661, 674,
675; 2 Jarman on Wills, 5th ed., 75, 76, 751, 752, 753, 755, 766;
*Hall v. Hall,* 123 Mass. 120; *Mason v. Jones,* 2 Barb. [N. Y.] 229;
*Estate of Wood,* 36 Cal. 75; *Jameson, Appellant, etc.,* 1 Mich. 99;
*Bartlet v. King,* 12 Mass. 536, 542; *Zimmerman v. Briner,* 50 Pa. St.
535; *Kalbfleisch v. Kalbfleisch,* 67 N. Y. 354.)

We think a more reasonable construction can be applied to the
will. To sustain plaintiff's argument, it is necessary to excise the
word "nine" or substitute the word "seven" in lieu thereof. While
courts, in order to make clear the intention of the testator some-
times transpose words or supply obviously omitted words, it is only
with extreme reluctance that the process of excision is indulged in.

"Words are never to be rejected as meaningless or repugnant if by any rea-
sonable construction they may be made consistent and significant. Excision is
a 'desperate remedy.' (*Matter of Beuchner,* 226 N. Y. 440; *Adams v. Massey,*
184 N. Y. 62.) It is only a last resort to be availed of when all efforts to
reconcile the inconsistency by construction have failed." (*Van Nostrand v.
Moore,* 52 N. Y. 12, 20. See, also, *Livingston v. Ward,* 216 N. Y. S. 37, 48;
*In re Roth's Estate,* 211 N. Y. Supp. 510.)

We are of the opinion that when the testator used the expression
in the residuary clause, "to my nine children not herein named," he
referred to the phrase "herein named" only to the three who were
the direct objects of his bounty. These were the three sons named.
The two daughters whose names were mentioned received nothing
directly from him. His residuary estate was in no way diminished
by his direction that his sons pay these two daughters a total of
$1,200. No reason is apparent, either from the will or the facts dis-
closed by the stipulation, why the testator should discriminate be-
tween the nine children other than the three sons by denying ap-
pellants any part of his estate except $1,200 which was not to be
paid until three years after his death. It is more reasonable to con-
clude that he required this payment by his sons, to whom he spe-

cifically devised real estate, in order to equalize his bequests by reducing the value of the property given to the three sons.

"In construing a will effect should be given to every word and clause if not inconsistent with the general intent of the whole will when taken together. It is presumed that every word is intended by the testator to have some meaning, and no word or clause in the will is to be rejected to which a reasonable effect can be given. Where two constructions are suggested, the one disregarding a word or clause of a will, and the other giving effect to the will as a whole, the latter must be adopted. No part of the instrument is to be discarded unless in conflict with some other part, in which case that part will be enforced which expresses the intention of the testator. Provisions apparently in conflict should be reconciled if this can be reasonably done." (28 R. C. L. 217. See, also, *Holt v. Wilson,* 82 Kan. 268, 108 Pac. 87; *Brown v. Brown,* 101 Kan. 335, syl. ¶ 1, 166 Pac. 499; *Markham v. Waterman,* 105 Kan. 93, 181 Pac. 621; *Hawkins v. Hanson,* 92 Kan. 73, 139 Pac. 1022; *West v. West,* 106 Kan. 157, 186 Pac. 1004.)

The judgment is reversed and the cause remanded, with instructions to render judgment for the intervenors in accordance with the views herein expressed.