No. 29,907.

Mrs. E. H. Marshall, *Appellant*, v. H. A. Bethka, Will Simpson, Roy Simmons, John M. Gray, Herbert Hull and Mrs. Frank Iden, Sole Heir and Successor in Interest of Frank Iden, Deceased, *Appellees.*

(298 Pac. 785.)

Opinion filed May 9, 1931.

*E. S. Rice* and *W. S. Rice,* both of Smith Center, for the appellant.

*A. W. Relihan* and *T. D. Relihan,* both of Smith Center, for the appellees.

The opinion of the court was delivered by

Dawson, J.: This was an action to recover on the statutory liability of bank directors who knowingly assent to the reception of deposits by their bank at a time when it is insolvent or in failing circumstances.

In 1921 the Cedar State Bank, in Smith county, got into financial difficulties, and the bank commissioner ordered it closed unless new capital was put into it. Some effort was made to satisfy his orders; a change was made in the cashier's office and three bankers of

neighboring towns, Hull of Kirwin, Bethka of Stuttgart, and Cushing of Downs, acquired a three-fourths interest in the bank and put $15,000 of new capital into it. Hull and Bethka became members of its board of directors.

The bank continued to function until October 22, 1923, when its operations were suspended and the bank commissioner took charge of its affairs. Efforts were made by interested parties, including this plaintiff, to rehabilitate the bank so that it could be reopened. As one of a number of depositors whose funds were tied up in the bank, plaintiff executed and delivered to it her written promise to accept certificates of deposit for the bank's liabilities to her and to extend time to the bank for their payment. It reads:

"DEFENDANTS' EXHIBIT 1.

"WHEREAS, In consideration of the reorganization of the Cedar State Bank, of Cedar, Kansas, to take over the resources and liabilities of the said Cedar State Bank, which was closed October 22, 1923, by the state bank department; and whereas, I am a depositor in the said bank and holder of C. D. No. 2693, $707.50, C. D. No. 2684, $1,500, also guaranty certificate No. 49 for $28.44, I hereby agree to accept a certificate or certificates of deposit in the said reorganized bank, and hereby authorize the managing officers of the reorganized bank to issue a certificate, or certificates, of deposit in the amount of $2,235.94, the same to be due one-half in one year, balance in two years from the date of the opening of the reorganized bank and to draw interest at the rate of four per cent per annum, interest on the old certificate to be included in those issued by the reorganized bank.

"In case of failure to effect a reorganization of the bank the certificate hereby surrendered for a reissue is to be returned to me.

"(Signed)    MRS. E. H. MARSHALL."

This instrument was executed on July 21, 1924, and accordingly new certificates of deposit bearing that date were issued to plaintiff, and the bank reopened for business. Its financial infirmities, however, were too serious and it again closed its doors on August 19, 1925. Since that time its affairs have been wound up and the corporation dissolved. The aggregate of dividends which it paid to plaintiff and similar creditors was 23 per cent of its liabilities.

During the last period when the bank was being operated, the certificates of deposit which plaintiff had agreed to accept in order to permit the bank to reopen were surrendered and new certificates from time to time were issued therefor. When the bank permanently closed on August 19, 1925, the certificates of deposit which she held were dated July 21, 1925, but these merely evidenced the bank's prior indebtedness to plaintiff as stated above.

In this action plaintiff undertook to formulate three causes of action based on the balances due her on these certificates of deposit, and a fourth cause of action for a balance of $201.33 in her checking account for moneys which she had actually deposited in the bank between July 21, 1924, and August 19, 1925.

On issues joined the cause was tried at length, and the facts summarized as above with many less important details were developed. The jury returned a verdict for plaintiff on her fourth cause of action; her motion for a new trial was overruled and judgment was entered accordingly.

Plaintiff appeals, relying on the letter of the statute governing the liability of bank directors and relying on the literal recitals of her certificates of deposit. The substance of the statute, which has often been construed by this court, is that where bank directors give their assent to the receiving of deposits when they know or with diligence could know that their bank is insolvent or in a failing condition they are personally liable to the depositors for whatever loss they sustain by depositing their moneys in such an unworthy institution. (R. S. 9-163; *Ramsay Petroleum Co. v. Adams*, 119 Kan. 844, 241 Pac. 433; *Ramsey v. Adams*, 122 Kan. 675, 253 Pac. 416; 277 U. S. 88, 72 L. Ed. 796.)

The basis of the statutory liability imposed on bank directors is their fraudulent or negligent supervision of the bank's business. (*Barret, Receiver, v. Skalsky*, 118 Kan. 162, 164, 233 Pac. 1043.) Its underlying purpose is to insure constant and vigilant watchfulness on the part of directors over conduct of the bank's affairs. (*Ramsey v. Bank Commissioner*, 115 Kan. 212, 214, 222 Pac. 117.) In *Forbes v. Mohr*, 69 Kan. 342, 346, 76 Pac. 827, in discussing the purpose of this statute, the court said:

"It was evidently the thought and purpose of the legislature to guard depositors from loss through the incompetency or criminality of officers chosen by directors by imposing upon such directors the burden of giving watchful care to the affairs of the bank, and by adding to their duties something more than care in the selection of president and cashier, to wit, the duty of keeping watch of their conduct by making an examination into the affairs of the bank with reasonable frequency and thoroughness."

Applying the statute to the matter at hand, it will readily be seen that the judgment in plaintiff's behalf on her fourth cause of action was properly rendered by the trial court. She apparently made the small deposits from time to time, aggregating $201.33, in reliance

that the defendants, as directors of the bank, were vigilantly supervising its affairs and taking the proper precautions to see that the bank was not slipping once more into the slough of insolvency. But on plaintiff's first three causes of action, she made no deposits of money in the bank in reliance on the vigilance of the bank directors. While her certificates of deposit literally did recite that she had made such deposits on July 21, 1925, yet the fact was otherwise. These certificates were no more than convenient memoranda of certain indebtedness which existed between plaintiff and the bank when its functions were suspended in 1923, and that indebtedness was the subject of negotiations between plaintiff and the bank at that time. It was because of her written promise (and of others in like situation) that she would accept ostensible certificates of deposit and extend credit to the bank for one and two years that the defendant directors gave their sanction to the reopening of the bank on July 21, 1924. It was shown beyond dispute that the certificates were not in fact what they purported to be; and since no one was concerned except the original parties thereto, their essential character could be established, and the maker (the bank) was not estopped by the recitals on the face of the certificates.

In *State Bank v. Bank Commissioner*, 110 Kan. 520, 204 Pac. 709, it was held that instruments purporting to be certificates of deposit issued by a bank, but whose recitals were in fact untrue, were no more than memoranda of the bank's indebtedness for a loan of funds procured from the designated payee of the certificates.

In *National Bank v. Bank Commissioner*, 110 Kan. 380, 390, 204 Pac. 715, it was said:

"When the primary purpose is not to establish the relation of debtor and creditor between bank and depositor, but to discharge some matured obligation of the bank by giving a time certificate of deposit, the certificate is no more than a bill payable."

To the like effect was *Bank v. Bank Commissioner*, 114 Kan. 1, 216 Pac. 1093.

With these pertinent views of the law governing the status of plaintiff's claim under her first, second and third causes of action, the errors which plaintiff complains of are readily disposed of. Whatever abstract merit there may be to her criticism of the trial court's instructions, their possible defects did not prevent her from recovering on her fourth cause of action, which was the only one

on which she could properly have recovered under the evidence in this case. So it is of no present consequence whether or not the instructions properly defined the scope of a bank director's duty and liability touching the reception of deposits. There is some merit in the criticism of the fourteenth instruction touching the significance which the jury should give to defendant's exhibit 1. Being in writing, its significance was for the court itself and not for the jury. (*Smith v. Paper Co.*, 104 Kan. 732, 180 Pac. 983; *Bishop & Babcock Sales Co. v. Brogan,* 128 Kan. 779, 782, 280 Pac. 749.) Since the execution of that instrument was not disputed and not impeached for fraud or mistake, it would have been enough for the court to have made short work of plaintiff's first, second and third causes of action by an instruction that if the jury found that the certificates sued on were mere renewals of the bank's obligations to plaintiff which had been the subject matter of the agreement on July 21, 1924, they were not evidence of deposits received by the bank at a time when it was insolvent or in failing circumstances within the meaning of the statute so as to make the directors personally liable for the loss sustained by plaintiff, and the jury's verdict on those three counts should be for defendants.

However, a correct result was reached, and the soundness of the judicial process by which it was attained is not important. (*Scattergood v. Martin,* 57 Kan. 450, 46 Pac. 933; *Quinton v. Kendall,* 122 Kan. 814, 823, syl. ¶ 11, 253 Pac. 600.)

The other objections to the judgment have been duly considered, but they suggest nothing to warrant further discussion.

The judgment is affirmed.