No. 32,946

Flora J. Sipes, *Appellant*, v. Hercule Pessemier, *Appellee*.

(58 P. 2d 1085)

Opinion filed July 3, 1936.

*Hal C. Davis*, of Topeka, for the appellant.
*Maurice Murphy*, of St. Marys, for the appellee.

The opinion of the court was delivered by

Wedell, J.: This was an action to recover the purchase price of a house and four lots in the town of Emmett, together with incidental items which will be referred to later. Defendant prevailed and plaintiff appeals.

The main question concerns the authority of an executor and trustee to make the sale under the terms and provisions of a will. Appellant insists this was a jury case and the court erred in discharging the jury. The construction of a written instrument is a question of law which cannot be submitted to the jury. (*Akin v. Davis*, 11 Kan. 580; *Dobbs v. Campbell*, 66 Kan. 805, 72 Pac. 273; *Cook v. Williams*, 81 Kan. 438, 105 Pac. 1116; *Fielding v. Williamson*, 118 Kan. 411, 234 Pac. 1003; *Marshall v. Bethka*, 133 Kan. 81, 85, 298 Pac. 785.) The trial court made findings of fact and conclusions of law. Appellant makes no complaint concerning the find-

ings of fact, but contends the conclusions of law drawn therefrom are erroneous and the findings of fact entitle her to judgment. The finding of fact containing the controlling portion of the will is finding number three, and the pertinent portion thereof reads:

"Second. I give, devise and bequeath all of my property, real, personal and mixed of whatsoever kind and nature and wherever situated, to Hercule Pessemier of St. Marys, Kansas, as trustee in trust *for the following uses and purposes,* to wit: (Italics inserted.)

"I direct that my said trustee shall manage and care for all of my property and he shall have authority whenever in his judgment it shall be wise and prudent to do so, to sell all or any part of the *farm* land of which I may die seized on such terms and for such price or prices as his best judgment may dictate and to make, execute, deliver and acknowledge such deeds, contracts and conveyances as may be necessary and proper in the premises and to furnish abstract of title to all or any part of said real property." (Italics inserted.)

The property appellant purchased was city property. Appellant contends the will authorized only the sale of farm land. She insists the intention of the testator must be determined from the clear meaning of the words actually used, and not from words the court thinks the testator might have intended to use. She further urges the will contains nothing which would indicate the testator intended to use any other words than those he did use. Appellee insists the first part of the second paragraph of the will, ending with "to wit," being part of finding number three, devised title to the trustee, and that this conveyance, together with the other provisions of the will, indicate it was the testator's intention to grant authority to make a conveyance of city property. It will be noted the first sentence of paragraph two, relied on by appellee, is modified and restricted by the use of the words "for the following uses and purposes, to wit." The will then provides specifically only for the sale of farm lands. To uphold the validity of the sale in this case it would be necessary to reject the words "farm land" as meaningless and repugnant to the rest of the will. It would also require a substitution of the words "city property" in place of the words "farm land" employed by the testator. Such excision and substitution is neither interpretation nor construction of a will, but reformation, over which latter subject the district court had no jurisdiction. In *Regnier v. Regnier,* 122 Kan. 59, 251 Pac. 392, it was said:

"While courts, in order to make clear the intention of the testator, sometimes transpose words or supply obviously omitted words, it is only with extreme reluctance that the process of excision is indulged in." (p. 61.)

It then quoted the following with approval:

" 'Words are never to be rejected as meaningless or repugnant if by any reasonable construction they may be made consistent and significant. Excision is a "desperate remedy." (*Matter of Beuchner,* 226 N. Y. 440; *Adams v. Massey,* 184 N. Y. 62.) It is only a last resort to be availed of when all efforts to reconcile the inconsistency by construction have failed.' (*Van Nostrand v. Moore,* 52 N. Y. 12, 30. See, also, *Livingston v. Ward,* 216 N. Y. S. 37, 48; *In re Roth's Estate,* 211 N. Y. Supp. 510.)" (p. 61.)

No occasion exists in the instant case for rejecting the words "farm land" as being either meaningless or repugnant to other provisions of the will.

In the recent case of *Hoover v. Roberts,* 144 Kan. 58, 58 P. 2d 83, the court had occasion to review this precise subject and held:

"The excision of the word 'intestate' from a will and the substitution of the phrase 'without issue' constitute neither interpretation nor construction of the terms of the will, but reformation, over which latter subject matter a district court has no jurisdiction." (Syl. ¶ 1.) (See cases therein cited.)

The remaining provisions of the will do not disclose an intention which would negative the clear purpose to limit sales to farm lands. No order of the probate court had been made authorizing the sale of city property to pay debts or for any other purpose. It follows there was no power or authority to make the sale. The alleged contract for sale and deed were therefore void and no title passed. There being no contract and no deed there was nothing to rescind. Appellant simply sued for a return of the purchase price and incidental items, for all of which payments she received no title.

Appellant paid the trustee $700 for this property on March 18, 1930. She paid out in taxes for the years 1930, 1931, 1932, and for the first half of the year 1933, the sum of $77.28; for having the abstract completed and certified, the sum of $17.50, and the further sum of $58.95 for repairs. She is entitled to recoupment of these items, with interest at the rate of six percent. On the other hand, under issues properly drawn, she should be required to respond to appellee for the fair and reasonable value of the use and occupancy of the premises. The judgment must therefore be reversed and the action remanded for further proceedings in accordance with the views herein expressed. It is so ordered.