No. 40,690

In the Matter of the Estate of Jennie Dobrovolny, Deceased. (ANNA E. SCHEIBE, *Appellant*, v. W. A. YOUNGQUIST, Executor; FRANK D. DOBROVOLNY and IVAN DOBROVOLNY, *Appellees.*)

(318 P. 2d 1053)

Opinion filed December 7, 1957.

*David Prager* and *Jacob A. Dickinson,* of Topeka, argued the cause, and *William W. Dimmitt, Jr.,* and *Sam A. Crow,* both of Topeka were with them on the briefs for appellant.

*Rowland Edwards,* of Waterville, argued the cause and was on the briefs for appellees Frank Dobrovolny and Ivan Dobrovolny. *C. D. Smith,* of Blue Rapids, was on the briefs for appellee W. A. Youngquist, Executor.

The opinion of the court was delivered by

FATZER, J.: This appeal involves the construction of the will of Jennie Dobrovolny and arises on the executor's petition for final settlement. The question presented is whether Jennie's undivided one-half interest in an 80-acre farm passed to the residuary devisee under her will, or whether there was a partial intestacy causing the real estate to descend to her heirs at law pursuant to the laws of descent and distribution.

The facts have been agreed upon and are summarized as follows: The decedent, Jennie Dobrovolny, and Frank Dobrovolny were married and lived together for many years in Marshall County, Kansas; they had three children: two sons, Frank, Jr. and Ivan, the appellees, and a daughter, Anna E. Scheibe, the appellant. During their marriage Jennie and Frank acquired three tracts of land in Marshall County at different times: the first tract consisted of the northeast quarter of section 9; the second tract consisted of the southeast quarter of section 9, and the third tract consisted of the north half of the southwest quarter of section 15, all in township 5, range 6, east of the 6th P. M.

The first and second tracts were acquired in the name of Frank Dobrovolny; the third tract was acquired in the name of Jennie and Frank Dobrovolny as tenants in common, each owning an undivided one-half interest.

On September 8, 1951, Frank Dobrovolny executed his will which gave all his personal property to his wife absolutely. The real estate was disposed of in Item Three of his will, which reads:

"I give and devise to my said wife, Jennie Dobrovolny, an estate for her natural life in and to all of my real property and interests therein of whatever description and wherever situated, and I give and devise the remainder in fee simple to my children Frank Dobrovolny, Jr., Ivan Dobrovolny and Anna E. Scheibe, in equal shares."

Jennie was named executrix and upon her husband's death, qualified and acted as such. When Jennie inventoried Frank's estate, the *whole* of the north half of the southwest quarter of section 15 was included in the inventory as being owned by her husband, notwithstanding her ownership of an undivided one-half interest in that 80-acre farm. In her petition for final settlement, Jennie alleged that Frank owned the *whole* of the north half of the southwest quarter of section 15, and in the order of final settlement the

probate court assigned the *whole* of that tract together with the other two quarter sections to Jennie for her life, and assigned the remainder in fee to the three children in equal shares. The record does not indicate that Jennie consented in writing to Frank's will, but it was stated by counsel for appellant and concurred in by counsel for appellees when this case was orally argued, that Jennie elected to take under Frank's will.

On July 23, 1953, Jennie executed her will, which, following her death on August 10, 1955, was admitted to probate on September 26, 1955. This will, omitting the signatures and the attestation clause, reads as follows:

"KNOW ALL MEN BY THESE PRESENTS, and all whom these presents may concern, be it known that I, Jennie Dobrovolny, of the County of Marshall and State of Kansas, being of mature age and sound mind, and realizing the uncertainty of life and the certainty of death, and being desirous of making full and complete provision for the final settlement and disposition of all of my worldly goods and possessions after my dissolution, do hereby make and declare this my last will and testament.

"It is my will that upon my decease all of my just debts and funeral expenses be first paid out of any estate of which I shall die possessed.

"SECOND: I give and bequeath to my son Ivan Dobrovolny the sum of Five Dollars.

"THIRD: I give and bequeath to my son Frank Dobrovolny the sum of Five Dollars.

"FOURTH: I give and bequeath the sum of Two Hundred Dollars to the officers of the Cottage Hill Cemetery Association where the remains of my late husband are interred, to be expended by them in placing flowers from year to year on Decoration Day upon our graves.

"FIFTH: All the remainder and residue of my property of every kind and character I give, devise and bequeath to my daughter, Anna Scheibe.

"SIXTH: I make no disposition of real estate as that is devised by the will of my late husband Frank Dobrovolny.

"SEVENTH: I nominate and appoint my friend Mr. W. A. Youngquist of Blue Rapids, Kansas, to be the executor of this my last will and testament.

"IN WITNESS WHEREOF I have to this my last will and testament subscribed my name at Blue Rapids, Kansas, this 23rd day of July, 1953."

No later will was filed and no appeal was taken from the order admitting the will to probate and the time for taking an appeal has expired. Following the admission of Jennie's will to probate, the three tracts of land described above were the subject matter of a partition action in the district court of Marshall County, and were sold pursuant to an order of that court February 10, 1956. Jennie's undivided one-half interest in the third tract brought

$5,246.27, which sum was paid to the executor of her estate and is the subject matter of this controversy.

In its memorandum opinion the district court concluded Jennie died intestate with respect to her undivided interest in the north one-half of the southwest quarter of section 15; that she did not intend the word "property" as used in paragraph 5—the residuary clause, to include the real estate in question since she did not know she owned any interest in it, and did not intend to devise it to appellant in view of her statement in paragraph 6, "I make no disposition of real estate   .   .   .," and that upon her death, title passed to her heirs at law, the appellant and the appellees, in equal shares.

Appellant contends that the residuary clause covers property of "every kind and character" owned by Jennie at her death, including her undivided one-half interest in the 80-acre farm above referred to, and urges that paragraph 6 of her will is not a limitation upon paragraph 5.   The appellees contend paragraph 6 requires that Jennie's undivided one-half interest in the real estate be excluded from the operation of her will resulting in her partial intestacy as to that interest, and that title passed to the appellant and the appellees as her heirs at law in equal shares.

Obviously, Jennie's will, in view of the contentions of the parties, requires construction to ascertain her intent when it was executed. The rule firmly established in this jurisdiction, to which all other rules are subordinate, is that the intention of the testator must be ascertained, if possible, and given effect if it is not contrary to established law, or in violation of public policy.   (5 Hatcher's Kansas Digest [Rev. Ed.], Wills, §§ 101-103, pp. 493, 494; 9 West's Kansas Digest, Wills, §§ 435-441, pp. 308-310; 1 Bartlett's Kansas Probate Law and Practice, § 443, p. 520.)   Within these limitations, the paramount consideration is to determine the actual intent of the testator, and if ascertainable, it is conclusive.   Where the intention is obscured by vague and doubtful expressions of the testator, it is sometimes necessary to resort to technical rules of construction, but technical rules ought never be resorted to where their application defeats the manifest intention of the testator (*Bullock v. Wiltberger*, 92 Kan. 900, 142 Pac. 950).

It is elementary that the testator's intention must be ascertained not from any single or isolated provision, but from all provisions contained within the four corners of the instrument.   (*Shannep v. Strong*, 160 Kan. 206, 160 P. 2d 683; 5 Hatcher's Kansas Digest

[Rev. Ed.], Wills, §§ 101-103, pp. 493, 494; 9 West's Kansas Digest, Wills, §§ 435-441, pp. 308-310; 1 Bartlett's Kansas Probate Law and Practice, § 433, p. 520.) Further, a will is to be construed not alone by its language, but by the conditions of the testator's family and estate, and the court should put itself so far as possible in the position of the testator and take into consideration the circumstances surrounding him when the will was executed. (*Ernst v. Foster*, 58 Kan. 438, 49 Pac. 527; *Johnson v. White*, 76 Kan. 159, 90 Pac. 810; *Beall v. Hardie*, 177 Kan. 353, 279 P. 2d 276; *Walker v. Koepcke*, 177 Kan. 617, 282 P. 2d 382.)

When the provisions of Jennie's will are examined in light of the facts and circumstances of her family and estate, it is obvious she did not know she owned an undivided one-half interest in the 80-acre farm; further, that she intended to make a distinction between real and personal property. A casual reading of her will indicates there was a repugnancy between the 5th and 6th paragraphs, but further study convinces us otherwise. By paragraph 5 there was a clear residuary gift to appellant of all of Jennie's property whatsoever, both real and personal, but by subsequent paragraph 6 there was a clear intention to except real estate from the residuary clause. Read as an expression of the mind, paragraph 6 represents a deference to Frank's wishes and illustrates and complements the distinction she made between real and personal property and affirms the dominion and sentiment she accorded her husband in making disposition of the realty. In this connection, we may accept as evidence of her intent, her acts during the administration of Frank's estate and that intent is confirmed by paragraph 6 in which she states that "I make no disposition of real estate." Thus, her withdrawal of realty from the residuary clause produced, through her intestacy, a result congruent with Frank's disposal of that property and we are compelled to conclude Jennie affirmatively intended to write a limited residuary clause applicable only to her personal property.

Having ascertained Jennie's intent when she executed her will, we now deal with technical rules of construction urged by appellant giving rise to legal presumptions. The first is that the law prefers a construction which will prevent a partial intestacy to one which will permit it, if such construction may reasonably be given (*Johnson v. White*, supra; *Singer v. Taylor*, 90 Kan. 285, 291, 133 Pac. 841; *In re Brown*, 119 Kan. 402, 404, 239 Pac. 747; *In re Estate of Schnack*, 155 Kan. 861, 130 P. 2d 591).

The rule of presumption against partial intestacy is not a controlling guide to the testator's intention. It is merely a rule of construction and does not authorize the court to dispose of that which in fact the will, by a fair construction thereof, does not dispose of. It can be invoked only to aid the interpretation of a will where the intention of the testator is expressed in uncertain and ambiguous terms, and has no place where the presumption is overcome by the plainly expressed intention of the testator. It will not be permitted to nullify a contrary intention manifested in the will (Thompson, Construction on Wills, § 59, pp. 93, 94). Where there is either evidence or circumstances bearing upon the issue of a testator's intention to include or exclude a particular item of property from the terms of his will, the presumption against partial intestacy disappears (*Heffenger v. Heffenger*, 89 N. H. 530, 3 A. 2d 95).

Here, as previously indicated, Jennie intended that the residuary clause be restricted to apply only to her personal property. That being the case, the real estate was by necessary implication excluded from the operation of the residuary clause (Thompson, Construction on Wills, § 335, pp. 463, 464; Theobald on Wills, 10th Ed. Ch. 23, p. 177), and the rule of presumption against partial intestacy becomes inapplicable; it exists only if there is an applicable general residuary clause (2 Schouler on Wills, Executors and Administrators, 6th Ed. § 889, pp. 1021, 1022) and such clause will not carry property excepted by the testator from its operation. Furthermore, a residuary clause may be limited, such as here, by another paragraph of the testator's will, especially if the latter be subsequent in recital (Thompson, Construction on Wills, § 334, p. 463). In our opinion paragraph 6 was such a recital.

Appellant urges that the use of the word "devise" in the residuary clause proves that Jennie intended to include real estate. Notwithstanding its technical definition, it is common knowledge that the word "devise" is often used loosely as a synonym for the word "give." However, Jennie could not have intended the word "devise" to apply to real estate when in the next paragraph she unequivocally stated she made no disposition of real estate. Moreover, technical rules of construction ought never be resorted to where their application would defeat the manifest intention of the testator (*Bullock v. Wiltberger*, supra; *Mann v. Haines*, 146 Kan. 988, 73 P. 2d 1066; *Cramer v. Browne*, 159 Kan. 423, 155 P. 2d 468).

Appellant next contends that Jennie made a mistake in supposing that all of the real estate had been devised by Frank's will, and asks

this court to correct that mistake, *i. e.,* to reform Jennie's will by deleting therefrom the whole of paragraph 6. That paragraph is as much a part of Jennie's will as is paragraph 5, and any attempt to excise it in face of her manifest testamentary intent is unwarranted (*Regnier v. Regnier,* 122 Kan. 59, 251 Pac. 392; *Hoover v. Roberts,* 144 Kan. 58, 58 P. 2d 83). In *Regnier v. Regnier,* supra, it was held:

"In construction of a will excision is a dangerous remedy, and should only be used as a last resort when all efforts to reconcile the inconsistency by construction have failed." (Syl. ¶ 1.)

We do not think the mistake as to Jennie's interest in the real estate was in her will itself, but occurred in the administration of her husband's estate when she included her undivided one-half interest in the inventory and later petitioned for its assignment to herself for life with remainder to their three children in equal shares, and that mistake became a fact and circumstance in her mind, which she later confirmed in paragraph 6 of her will. Although she gave an erroneous reason for her failure to dispose of real estate, that mistake does not nullify the facts and circumstances which produced her intention not to devise realty. An express and positive statement of an intention not to devise, under such circumstances, is not controlled by the reason assigned (3 Jarman on Wills, 8th Ed. pp. 2065, 2072 [12]; 1 Bartlett's Kansas Probate Law and Practice [Rev. Ed.], § 443, pp. 521, 522).

We have reviewed the record and we think the trial court was correct in construing the will to ascertain Jennie's intention rather than applying the technical rules of construction urged by appellant. Where, as here, the intention of the testator being ascertainable, technical rules of construction ought never to be resorted to. No error having been made to appear in the judgment of the district court, that judgment should be and it is affirmed.